### WILLIAM CALDER & others *vs.* CHARLES HAYNES.

The *St.* of 1814, *c.* 165, which provides that no action shall be brought on the bond of a constable given to.the treasurer of the city of Boston for a breach of the condition thereof, until a judgment has first been recovered on account thereof against the constable, is unrepealed and in full force.

A question of law which has been considered and determined in the superior court upon a demurrer, may, if properly presented upon the facts set forth in the other pleadings, be heard and considered anew at the trial upon the merits in the same court

REVIEW of an action brought by the defendant in the name of the city of Boston against the plaintiffs, upon a constable's bond, in the usual form, dated September 24th 1860, executed by said Calder as principal and the other plaintiffs as sureties, to the treasurer of the city of Boston, in which action judgment was recovered against the present plaintiffs, in the police court of the city of Boston, for damages and costs, upon their default.

The declaration in the original action alleged that Calder failed properly to serve a writ committed to him by Haynes, by means whereof the latter sustained a loss; but it contained no averment that a judgment had been recovered against Calder therefor; and for this cause the present plaintiffs filed in the present case a demurrer to the declaration, which was over-ruled.

At the trial of the review, in the superior court, before *Vose*, J., it appeared that no judgment had been recovered against Calder, prior to the institution of the suit upon the bond; and the plaintiffs asked the court to rule that for this reason the action upon the bond could not be maintained. The defendant objected that this question had been raised and adjudicated on the demurrer, and was no longer open; but the judge held otherwise, and ruled that an action upon the bond could not be maintained before the recovery of a judgment against the constable, and directed the jury to return a verdict for the present plaintiffs; which was accordingly done. The defendant alleged exceptions.

*J. M. Keith*, for the defendant in review.

*J. B. Richardson*, for the plaintiffs in review.

MERRICK, J. It was determined in the case of *Tracy* v. *Goodwin*, 5 Allen, 409, that the first section of the statute passed June 18, 1802, (*St.* 1802, *c.* 7,) concerning the appointment of constables in the town of Boston, by the provisions of which they were required to give bond to the treasurer of the town for the faithful performance of the duties of their office, had never been repealed, and that it still remained in full force. For the same reasons and upon the same rule and principle of

construction which are fully set forth and stated in the opinion of the court in that case, the statute subsequently enacted relative to the same subject, and entitled "an act for regulating the proceedings in suits upon constables' bonds in the town of Boston," must be adjudged to be unrepealed, and consequently the remedy of a party who has suffered by any breach of the condition of such bond must be pursued in conformity to its provisions. And therefore the instructions of the court that the suit of Haynes against the plaintiffs in review upon the bond declared on could not be maintained, because it appeared that a judgment had not first, before the commencement of the suit, been obtained by Haynes against Calder for some official misconduct, such being presented as an essential prerequisite thereto by the provisions of the statute, were accurate and correct.

The judgment overruling their demurrer did not preclude the defendants in the original action from availing themselves, with the permission of the court, of the same ground of defence, it having been specially alleged and stated in their answer, upon the trial of the action upon its merits. As long as the action continues to be pending in the same court, the judgment upon a demurrer to a declaration cannot be considered as absolutely and conclusively final; for, in the exercise of judicial discretion, any question of law upon which an opinion has been expressed may be reopened for further examination; and it is quite immaterial whether such reëxamination is allowed in the same form and manner in which the question was at first presented and considered, or arises otherwise in the course of due proceedings upon the trial. There was, therefore, no error or irregularity, since the court was competent, in the exercise of its proper power and authority, to allow it, in permitting the defendants in the original action to avail themselves upon the trial of a legal objection to the maintenance of the action, although a previous ruling upon the question, when the same objection was urged in support of the demurrer, had been adverse to them.

*Exceptions overruled.*